## FRANKLIN v. SHREVEPORT YELLOW CABS, Inc.

### No. 5811.

Court of Appeal of Louisiana.
Second Circuit.
March 8, 1939.

Jackson & Mayer, of Shreveport, for appellant.

Coleman & Morgan, of Shreveport, for appellee.

TALIAFERRO, Judge.

Plaintiff sues to recover the sum of $125, the alleged sound value of a 1930 Chevrolet coach automobile which he avers was destroyed when violently run into by a taxicab of the defendant company at about the hour of 8 P. M., in the irregular intersection formed by the convergence of Ford, Caddo and Christian streets and Western avenue in the City of Shreveport.

Ford street enters the intersection from the west. Caddo enters it from the northeast, Christian from the southeast and Western avenue from the south. Caddo and Christian are at right angles to each other. They have the appearance of being forks of Ford. A motorist desiring to enter upon Ford street from Caddo, to hold his side of the street has to make a gradual turn to his right, and traverse the intersectional area.

Plaintiff approached the intersection on Caddo, intending to drive out Ford. His wife and a negro boy were with him. Defendant's operator approached the intersection on Ford, intending to enter Caddo. He was transporting a man passenger. The collision occurred immediately after plaintiff had driven out of Caddo into the intersection at a point north of an oblong shaped neutral ground or island on the Western avenue side of the intersection.

Plaintiff alleges that the collision was due entirely to the fault and negligence of defendant's operator, in this; that he did not reduce the speed of his vehicle as he neared the intersection; and entered it on the wrong side at a reckless and excessive speed. In his own behalf, he alleges that he was driving his car at the conservative speed of 15 miles per hour and at all times occupied his side of the intersection.

Defendant denies generally the allegations of the petition, excepting the fact of the collision and that one of its taxicabs was involved therein. Defendant further alleges that the accident was solely due to the negligence and carelessness of plaintiff in that he drove at a reckless and excessive rate of speed out of Caddo street into the intersection, without headlights burning, and that he swerved the car onto the wrong side of the intersection and struck the taxicab violently. In the alternative, based upon the above mentioned acts of negligence, defendant specially pleads plaintiff's contributory negligence in bar of recovery by him.

Judgment was rendered for plaintiff in the sum of $115, and defendant appealed.

Defendant's taxicab was traveling at not more than 25 miles per hour and plaintiff's car at a much lesser rate when the collision occurred. Therefore, neither may be properly charged with speeding. The counter charges of negligence on this score pass from the case.

Whether plaintiff's headlights were at the time burning is much more controverted. He is positive they were burning. He is corroborated by another colored man who claims to have been standing at the intersection of Caddo and Christian streets and witnessed the accident. The taxi operator is equally as positive that

the lights were not burning. He did not see them before the collision and reasons that he would have done so had they been on. His passenger, an instant before the collision, turned his head in another direction and only observed plaintiff's car a nonappreciable time before the impact. He could not say if the lights were burning or not. In view of this conflict in the evidence, the preponderance appears to be in favor of plaintiff's contention.

The remaining issue for determination is this: has plaintiff proved by a preponderance of the evidence that the accident happened because the taxicab was at the time on its wrong side of the intersection?

Plaintiff and his said witness testified that as plaintiff turned into the intersection his car was kept well on its side thereof, and was run into by the taxicab when traveling on its wrong side. Defendant's operator frankly admits that the left wheels of the taxicab were practically following the center of the intersection and adds that the same wheels of plaintiff's car were doing likewise. The center of the intersection is not delineated by paint line. The passenger is positive in his corroboration of the operator's testimony on this point. The damage done each car and their respective positions after the collision tend to support defendant's contention in this respect. The left front fender and wheel of each car were damaged. After the impact each car rested on its side and close to the center of the intersection. A witness arriving on the scene before the cars were removed, testified that if a line had been drawn across the intersection's center it would have fallen almost midway between the left fenders and wheels of the cars, respectively. It seems to us that had plaintiff been on his side of the center of the intersection, his car would have rebounded and rested much closer to the curb.

Each driver testified that he did not see the car of the other in time to avert the collision. Plaintiff was not in a position to observe the taxicab until he turned out of Caddo into the intersection. The taxi operator could not have seen plaintiff's car until it made said turn. A very high degree of care rested upon plaintiff in negotiating the curve into the intersection. Projecting our thought into the realm of conjecture, we would say that it is not improbable that plaintiff allowed his car to encroach upon its wrong side of the intersection when rounding the curve. Operators are prone to do this.

Plaintiff did not produce his wife nor the boy, who were with him at the time of the accident, as witnesses in the case. No reason is assigned for his not doing so.

A close study of the testimony leaves us of the opinion that the negligence of both drivers contributed to the accident. At all events, plaintiff has not sustained the burden of proving that the negligence of defendant's operator alone made the accident possible. His testimony and that of his one witness is arrayed against that of the taxi's operator and his passenger. The scales are not balanced in favor of plaintiff.

For these reasons, we have to reverse, annul and set aside the judgment appealed from and dismiss this suit, which is accordingly ordered, with costs.